PER CURIAM:
The claimant, a resident of South Charleston, Kanawha County, was driving his 1990 Harley-Davidson Electraglide FLHTC Ultra motorcycle south on Star Route 4 on June 16, 1991, when he noticed what appeared to be water puddles ahead in the road as he entered the town of Gassaway in Braxton County. The claimant testified that he slowed his speed of travel to fifteen miles an hour to go through the water and avoid the splash that results. The puddles however obscured holes in the road, and the claimant lost control of the motorcycle as he crossed the first puddle. The front tire of the motorcycle struck the hole and threw the bike over according to the claimant. The claimant suffered abrasions to his elbow and arm and his passenger suffered scrapes to her knee. Neither was seriously injured. The motorcycle was driven from the accident scene. The damage consisted of a broken crash guard, broken left fairing, and destruction of the left saddle bag lid and saddle bag. The claimant elected not to repair the motorcycle and, instead, he traded the motorcycle for a newer model, and $801,17 was deducted from the trade-in value. The claimant contacted his insurer, but opted not to file a claim with the insurer pending the disposition of this matter before the court. His insurance policy has a $250.00 deductible.
The claimant testified that he had traveled Route 4 before and that he was somewhat familiar with the area of the accident. He did not observe rough road or similar warning signs in the area, and he does not believe that there were signs present on the date of the accident. He stated that he believes a sewer line recently had been constructed across Route 4 in the vicinity of the accident. He described the hole struck by his motorcycle as seven to eight inches deep with an unidentified width.
The claimant’s passenger, Ms. Gina Rose, testified that she observed puddles all across Route 4 as they entered the town of Gassaway. She stated that it had been raining throughout the day.
Ralph Donald Parks, a utility supervisor for the respondent’s District 7 Office in West, testified that Dave Sugar, Incorporated, had installed a sewer line across Route 4 in the vicinity of the claimant’s accident on or about March 25, 1991. He further testified that this contractor had not completed the resurfacing of Route 4 when the claimant’s accident occurred. Accordingly, he opined that the contractor had failed properly to mark the area as a construction hazard as required by its permit issued by the Flatwoods Canoe Run Public Service District in Sutton. The respondent also denies responsibility for not conducting more frequent inspections and monitoring of the contractor’s construction activities.
The claimant stated that he contacted Dave Sugar, Incorporated, which disavowed *111 any responsibility for the road condition.
The Court concludes that the claimant may desire to reconsider a claim against the company which may be responsible for providing warning signs on Route 4 and the construction activities that proximately caused the claimant’s accident. The Court further holds that the liability of the respondent in this matter has not been proven by a preponderance of the evidence, and, nevertheless, the amount of recovery would be limited to the value of the claimant’s insurance deductible of $250.00, had such a showing of negligence been established.
In view of the foregoing, the Court must deny this claim.
Claim disallowed.